OPINION JUDGMENT ENTRY
{¶ 1} Petitioner Albert D. Tanner appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, which dismissed his petition for post-conviction relief. Appellant does not articulate a formal assignment of error, but presents seven arguments in favor of his post-conviction petition:
 {¶ 2} "Trial counsel was ineffective for failing to object or motion for a dismissal, when the trial court judge erroniusly acted as a 13th juror when sua-sponta declaring a mistrial without cause. Appellants constitutional rights of being twice put in jeopardy was violated. [sic]
 {¶ 3} "Trial counsel was ineffective for failing to object to the state of ohio uses of perjured testimony, which resulted in the witnesses changing their testimony in the second trial and constructing it to fit the charges and mislead the jury. [sic]
 {¶ 4} "Trial counsel was ineffective for failing to object to a new trial on grounds, that the prosecutors misconduct in presenting the marked photo array to the witnesses, making the use of the photo array in the second trial suggestive, in that witnesses was now tainted. [sic]
 {¶ 5} "Trial counsel was ineffective for failing to ojbject to the state of Ohio declaring a mistrial, and should have moved the trial court to first apply proper remedy and instruct the jury on the issues arraising from the states representation of its error in persenting its case to the jury. [sic]
 {¶ 6} "Trial counsel was ineffective for failing to investigate appellants claim that the state falseified evidence, that appellants black-t-shirt taken from him for evidence after he was arrested and after officers claimed they found a black-t-shirt. [sic]
 {¶ 7} "Trial counsel was ineffective for failing to argue that the state knowingly withheld favorable evidence. [sic]
 {¶ 8} "Trial counsel was ineffective for failing to object or argue, the state intentionly allowed admitted evidence withheld from the jury." [sic]
 {¶ 9} The record indicates appellant was convicted of two counts of receiving stolen property and two counts of failure to comply with an order of a police officer. Appellant pursued a direct appeal, and this court affirmed his conviction and sentence, see, State v. Tanner, Muskingum Appellate No. CT2003-0025, 2003-Ohio-7274.
 {¶ 10} On November 21, 2003, while his direct appeal was pending before this court, appellant filed his petition for post-conviction relief. The trial court permitted appellant to amend his petition, and appellant filed his amended petition for post-conviction relief on January 14, 2004.
 {¶ 11} The trial court did not conduct a hearing on the petition, but filed findings of fact and conclusions of law on January 22, 2004. The trial court found some of appellant's claims were raised on direct appeal, and others could have been raised on direct appeal. Further, the court found appellant did not present any new supporting evidence for any of his claims.
 {¶ 12} R.C. 2953.21 provides a person convicted of a criminal offense who claims there was such a denial or infringement of his rights as to render the judgment void or voidable may file a petition before the court which imposed sentence, to vacate the judgment or sentence.
 {¶ 13} In State v. Calhoun, 86 Ohio St. 3d 279,1999-Ohio-102, 714 N.E. 2d 905, the Supreme Court found a trial court may deny a petition for post-conviction relief without holding an evidentiary hearing if the petition, any supporting affidavits, documents or evidence, files, and records do not demonstrate the petitioner has set forth sufficient operative facts to establish substantive grounds for relief. In State v.Perry (1967), 10 Ohio St. 2d 175, 226 N.E. 2d 104, the Supreme Court held a petition for post-conviction relief may be dismissed when the claims are barred by res judicata.
 I {¶ 14} In his first argument, appellant urges the trial court erred in declaring a mistrial in his first trial, and trial counsel should have objected to a re-trial. The reason for the mistrial in the first case was the State used a photo array with appellant's name written next to his photo. Appellant urges re-trial was barred by the principles of double jeopardy. Appellee cites us to Oregon v. Kennedy (1982), 456 U.S. 667, where the United States Supreme Court held the state is not barred from re-trying an accused unless the mistrial was based upon prosecutorial misconduct intended to provoke a mistrial.
 {¶ 15} As the State points out, this matter could have been raised before us on direct appeal. Accordingly, the first argument is overruled.
 II {¶ 16} In his second argument, appellant alleges the State used perjured testimony at trial. The State directs us to Statev. Moore (1994), 99 Ohio App. 3d 748, 651 N.E. 2d 1319, which held a defendant must present new evidence that renders the judgment void or voidable and demonstrates he could not have appealed the claim based on information contained in the original record. Appellant did not present any new supporting evidence outside the record, so the trial court was limited to the record of the proceedings. We find the trial court was correct in finding there was no new evidence presented, and appellant did not demonstrate this claim could not have been raised on direct appeal.
 {¶ 17} The second argument is overruled.
 III {¶ 18} Appellant next argues trial counsel was ineffective for failing to object to the photo array cited in I, supra. We find appellant could have raised this issue on direct appeal. The third argument is overruled.
 IV {¶ 19} Next, appellant argues trial counsel was ineffective for failing to object to the mistrial and re-trial. Appellant also argues the evidence presented was insufficient to warrant a new trial.
 {¶ 20} Appellant's direct appeal challenged the verdict as against the manifest weight of the evidence. We find the matter is res judicata.
 {¶ 21} The fourth argument is overruled.
 V {¶ 22} In his fifth argument, appellant urges the black T-shirt the State offered into evidence at trial was not the same one the officers claimed they had found in the intersection of Forest and Euclid Avenue, along the route the accused was seen running on the night of the crime. Appellant argues instead, police officers came to the Zanesville City Jail and took his black T-shirt.
 {¶ 23} Appellee notes the evidence submission form does not substantiate appellant's allegations, and there is no evidence, other than his own self-serving declaration, that this occurred.
 {¶ 24} We find the trial court was correct in determining the evidence appellant offered in support of this argument was insufficient to demonstrate his claimed ground for relief.
 {¶ 25} The fifth argument is overruled.
 VI {¶ 26} In his sixth assignment of error, appellant argues the State of Ohio intentionally hindered his trial counsel's investigation in regards to the black T-shirt noted supra, V. Specifically, appellant alleges the prosecutor informed defense counsel the shirt had to be submitted for DNA testing, but later, the State told trial counsel it was not seeking DNA testing. Appellant urges this misinformation caused trial counsel not to investigate the claim made in V, supra. The State presented evidence about bodily secretions found on the T-shirt at trial.
 {¶ 27} The State responds that it provided the DNA results in sufficient time to permit appellant's counsel to prepare for trial, and in fact, appellant's evidence indicates defense counsel did review the findings. The State also suggests appellant could have raised this issue on direct appeal. We agree.
 {¶ 28} The sixth argument is overruled.
 VII {¶ 29} Finally, appellant argues the trial counsel was ineffective for failing to object to the State entering a video tape into evidence at trial. Again, this matter is in the original record, and could have been raised on direct appeal.
 {¶ 30} The seventh argument is overruled.
 {¶ 31} We find the trial court did not err in dismissing the petition for post-conviction relief.
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Edwards, concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant.