[Cite as *State v. Farr*, 2023-Ohio-4704.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### ALLEN COUNTY

STATE OF OHIO,

          CASE NO. 1-23-10

    PLAINTIFF-APPELLEE,

   v.

HILLARY B. FARR,          O P I N I O N

    DEFENDANT-APPELLANT.

---

Appeal from Allen County Common Pleas Court
Trial Court No.  CR 2022 0281

Judgment Affirmed

Date of Decision:  December 26, 2023

---

APPEARANCES:

   *Chima R. Ekeh* for Appellant

   *John R. Willamowski, Jr.* for Appellee

**ZIMMERMAN, J.**

**{¶1}** Defendant-appellant, Hillary B. Farr ("Farr"), appeals the February 15, 2023 judgment entry of conviction and sentencing of the Allen County Common Pleas Court after Farr was found guilty (by a jury) of failure to comply with an order or signal of police officer and felonious assault.  For the reasons that follow, we affirm.

**{¶2}** This case stems from law enforcement's high-speed pursuit of Farr (following a traffic violation) wherein Farr drove his vehicle (leaving his lane of travel) at peace officer, Patrolman Zachary Carpenter's ("Ptlm. Carpenter") vehicle.[1]

**{¶3}** On October 13, 2022, Farr was indicted by the Allen County Grand Jury on two criminal counts:  Count One, failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), (C)(5)(a)(ii), a third-degree felony and Count Two, felonious assault in violation of R.C. 2903.11(A)(2), (D)(1)(a), a first-degree felony.  On October 20, 2022, Farr's trial counsel filed a written plea of not guilty.

**{¶4}** After a jury trial held on January 3, 2023, Farr was found guilty of both counts in the indictment.

---

[1] During the pursuit, Farr was given audible and visual signals by Patrolman Michael Martinez to stop the motor vehicle after which he accelerated to speeds ranging from 30mph to approximately 65mph engaging in additional traffic violations along his flight path.

{¶5} On February 15, 2023, the trial court held a sentencing hearing wherein the trial judge found that Counts One and Two did not merge for the purposes of sentencing. Thereafter, Farr was sentenced to a 24-month prison term on Count One and a three-year minimum prison term up to a maximum prison term of four and a half years on Count Two. The trial court ordered the prison terms in Counts One and Two to be run consecutively to one another, for a total minimum prison term of five years up to a maximum term of six and a half years.

{¶6} Farr filed a timely notice of appeal on March 9, 2023 raising three assignments of error for our review. We will address Farr's assignments of error in the order of presentment. However, we will combine his second and third assignments of error for ease of discussion.

### Assignment of Error I

**Defendant-Appellant's Conviction For Felonious Assault On A Peace Officer Was Not Supported By Sufficient Evidence (Tr. pg. 191, tabs 12-16).**

{¶7} In his first assignment of error, Farr argues that his felonious-assault conviction of Ptlm. Carpenter in Count Two is not supported by sufficient evidence. Specifically, Farr asserts that it was not his *intention* to use the vehicle he was driving as a weapon to attempt to cause Ptlm. Carpenter physical harm. Rather, Farr argues that he was simply attempting to evade a traffic stop. Moreover, Farr argues that in order to reach a guilty verdict on felonious assault that the jury engaged in impermissible inference stacking.

*Standard of Review*

**{¶8}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89, 102 (1997), fn. 4. Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* at 89. "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997), *superseded by statute on other grounds*, *Smith* at 89, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

*Analysis*

{¶9} The offense of felonious assault is codified in R.C. 2903.11, which provides in pertinent part that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon * * *." R.C. 2903.11(A)(2).[2] "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). "'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). "'Deadly weapon' means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A).

{¶10} It is well-established that a motor vehicle can be classified as a deadly weapon when it is used as a weapon, such a determination is a question of fact to be determined by the trier of fact examining factors such as the *intent* of the user, *manner* of use, and *actions* of the user. *See State v. Sess*, 12th Dist. Butler No. CA2015-06-117, 2016-Ohio-5560, ¶ 15. *See also State v. Allsup*, 3d Dist. Hardin Nos. 6-10-06 and 6-10-07, 2011-Ohio-405, ¶ 23; R.C. 2903.11(D)(4).

---

[2] Pursuant to R.C. 2903.11(D)(1)(a) "[w]hoever violates this section is guilty of felonious assault. Except as otherwise provided in this division or division (D)(1)(b) of this section, felonious assault is a felony of the second degree. If the victim of a violation of division (A) of this section is a peace officer * * *, felonious assault is a felony of the first degree." Ptlm. Carpenter's status as a peace officer at the time of the offense is not and has never been in dispute.

{¶11} Farr argues that the State's evidence regarding his *use* of the motor vehicle and evidence of his culpable mental state was only circumstantial. Circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks*, 32 Ohio St.2d 34 (1972), paragraph five of the syllabus. Circumstantial evidence inherently possesses the same probative value as direct evidence. *State v. Lott*, 51 Ohio St.3d 160, 167 (1990); *see also State v. Treesh*, 90 Ohio St.3d 460, 485 (2001). Moreover, "[a] conviction can be sustained based on circumstantial evidence alone." *State v. Franklin*, 62 Ohio St.3d 118, 124 (1991). Importantly, a jury's finding of guilt is not based on insufficient evidence merely because the evidence supporting it is circumstantial. *Jenks*, 61 Ohio St.3d at 259, paragraph one of the syllabus.

{¶12} Here, the State presented two witnesses at trial regarding Farr's use of the motor vehicle and his culpable mental state: Patrolman Michael Martinez ("Ptlm Martinez") and Ptlm. Carpenter. Ptlm Martinez testified that Farr swerved into the southbound lane of Greenlawn Avenue forcing Ptlm. Carpenter to drive off the roadway to avoid being struck. He further testified that there was nothing to cause Farr to swerve or change direction and that Ptlm. Carpenter would have been struck if he did not swerve to avoid Farr. Then, Ptlm. Carpenter testified that, after driving his vehicle as close to the curb as he could, Farr made an abrupt change of direction towards him. He testified that as Farr's vehicle got closer, he took evasive action to avoid being struck.

{¶13} Additionally, the State admitted Ptlm. Martinez's and Carpenter's vehicle-dash-camera recordings into evidence, which were played for the jury, the purpose of which was to corroborate both officer's testimonies. (*See* State's Exs. 2, 3).

{¶14} Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Farr knowingly attempted to cause physical harm to Ptlm. Carpenter by means of a deadly weapon by driving his vehicle directly at the officer. Thus, we conclude that Farr's felonious-assault conviction is based on sufficient evidence.

{¶15} Accordingly, Farr's first assignment of error is overruled.

### Assignment of Error II

**The Court Failed To Make The Requisite Findings Required Under R.C. 2921.331(C)(5)(b) For Purposes Of Sentencing (Sentencing Tr. Pg. 17, tab 7-11; Tr. Pg. 17, tab 19-23, pg. 18, tab 1).**

### Assignment of Error III

**Appellant's Consecutive Sentences Were Improper (Sentencing Tr. Pg. 17, tab 7-11; Tr. Pg. 17, tab 19-23, pg. 18, tab 1).**

{¶16} In these assignments of error, Farr argues that his sentences are otherwise contrary to law. Particularly, in his second assignment of error, Farr asserts that the trial court failed to make the requisite-sentencing findings under R.C. 2921.331(C)(5)(b) for the statutory enhancement. With respect to his third

assignment of error, Farr challenges his consecutive sentences arguing that the charges should have merged because they were allied offenses of similar import.

*Standard of Review*

{¶17} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*R.C. 2921.331(C)(5)(b) Findings Analysis*

{¶18} Here, Farr was convicted of failure to comply with the order or signal of police officer in violation of R.C. 2921.331(B), (C)(5)(a)(ii). Because Farr was eluding a police officer while violating division (B) of this section and the jury found that division (C)(5)(a) applied, the trial court was mandated to consider the factors listed under R.C. 2921.331(C)(5)(b)(i-ix) along with the factors set forth in R.C. 2929.12 and 2929.13 in its determination of the seriousness of Farr's conduct. Those factors are as follows:

(i) The duration of the pursuit;

(ii) The distance of the pursuit;

(iii) The rate of speed at which the offender operated the motor vehicle during the pursuit;

(iv) Whether the offender failed to stop for traffic lights or stop signs during the pursuit;

(v) The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;

(vi) Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;

(vii) Whether the offender committed a moving violation during the pursuit;

(viii) The number of moving violations the offender committed during the pursuit;

(ix) Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense.

R.C. 2921.331(C)(5)(b)(i-ix). Hence, Farr argues that his sentence is contrary to law. Importantly, Farr did *not* raise this argument in the trial court. Since Farr failed to object in the trial court as to the perceived error, he has forfeited all but plain error on appeal.

{¶19} For plain error to apply, the trial court must have deviated from a legal rule, the error must be plain, i.e., an obvious defect in the proceeding, and the error must have affected the defendant's "substantial rights." *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "[T]o demonstrate that the trial court's error affected a substantial right, the defendant must establish that there is a reasonable probability

that, but for the trial court's error, the outcome of the proceeding would have been otherwise." *State v. Sutton*, 3d Dist. Seneca No. 13-21-11, 2022-Ohio-2452, ¶ 50. We take "[n]otice of plain error * * * with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶20} In our review of the record, the factors set forth under R.C. 2921.331(C)(5)(b) are addressed in Ptlm. Martinez's and Carpenter's respective testimonies. Even though the trial court did not affirmatively state that it considered the factors listed under R.C. 2921.331(C)(5)(b) on the record (at the sentencing hearing) or in its judgment entry, it is not required to do so. *State v. Wingate*, 3d Dist. Hardin No. 6-20-07, 2020-Ohio-6796, ¶ 12. Since the trial judge was present for both the officers *uncontroverted* testimonies (including the admission of their dash-cam videos) and because the trial judge referenced to those videos at the sentencing hearing, we conclude that the trial court considered the R.C. 2921.331(C)(5)(b) sentencing factors. *Wingate* at ¶ 23 citing *State v. Tanner*, 5th Dist. Muskingum No. CT2003-0025, 2003-Ohio-7274, ¶ 44 and *State v. Banks*, 8th Dist. Cuyahoga Nos. 81679 and 81680, 2003-Ohio-1171, ¶ 31-32. Thus, the trial court did not commit any error, let alone, plain error under the facts presented. We determine by clear and convincing evidence that Farr's sentence is *not* otherwise contrary to law. *See Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, at ¶ 1.

**{¶21}** We now turn to address Farr's allied-offenses-of-similar-import argument.

*Allied Offenses of Similar Import Analysis*

**{¶22}** "'Whether offenses are allied offenses of similar import is a question of law that this Court reviews de novo.'" *State v. Jessen*, 3d Dist. Auglaize No. 2-18-16, 2019-Ohio-907, ¶ 22, quoting *State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio-894; *see generally State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995.

> R.C. 2941.25, Ohio's multiple-count statute, states in pertinent parts:
>
> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶23}** In *Ruff*, the Supreme Court of Ohio held the following with regard to determining allied offenses:

> 1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors–the conduct, the animus, and the import.
>
> 2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

-11-

> 3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Ruff* at paragraphs one through three of the syllabus. The Supreme Court in *Ruff*

explained:

> At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

*Id.* at ¶ 26.

**{¶24}** Farr argues that his convictions for failure to comply with an order or signal of police officer and felonious assault should have merged at sentencing. However, Farr did *not* object to the trial court's failure to merge the convictions, so we review the matter for plain error. Importantly, in *State v. Bailey*, 171 Ohio St.3d 486, 2022-Ohio-4407, the Supreme Court of Ohio revisited plain error in the context of allied offenses cases, holding as follows:

-12-

> Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice. *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus ("Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a miscarriage of justice"). To prevail under the plain-error doctrine, Bailey must establish that "an error occurred, that the error was obvious, and that there is 'a reasonable *probability* that the error resulted in prejudice,' meaning that the error affected the outcome of the trial." (Emphasis added in [*State v.*] *Rogers*[, 143 Ohio St.3d 385, 2015-Ohio-2459].) *State v. McAlpin*, [169] Ohio St.3d [279], 2022-Ohio-1567, ¶ 66, quoting *Rogers* at ¶ 22; *see also State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 52.

(Emphasis sic). *Bailey* at ¶ 8.

**{¶25}** As the Supreme Court of Ohio emphasized in *Bailey,* determining whether R.C. 2941.25 has been properly applied is a legal question, "it necessarily turns on an analysis of the facts, which can lead to exceedingly fine distinctions." *Id.* at ¶ 11. Further, the Supreme Court determined that to reverse for an error under the plain-error test, the error has to be "obvious." *Id.* at ¶ 14. Stated differently, the plain-error doctrine is warranted only under exceptional circumstances to prevent injustice. *See Long*, 53 Ohio St.2d 91, at paragraph three of the syllabus; *see also United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392 (1936) ("In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings").

{¶26} With this in mind, we consider whether the trial court committed plain error by failing to merge the convictions for failure to comply with the order or signal of a police officer and felonious assault in this case for purposes of sentencing. Farr contends that his convictions should have merged because the single act of driving the car in a manner to evade apprehension resulted in a conviction for the crimes of which he was charged. The State disagrees, arguing that the victim of the failure to comply offense was the general public, while the victim of the felonious assault offense was the officer. Thus, different victims from different crimes would make the offenses of dissimilar import, and they would not merge for purposes of sentencing. *See State v. Ramunas*, 171 Ohio St.3d 579, 2022-Ohio-4199, ¶ 23.

{¶27} After our review of the record, we agree with the State. Under the facts presented, this is not an exceptional circumstance warranted to prevent injustice. Thus, we conclude there is no plain error present with respect to merger. Accordingly, we determine by clear and convincing evidence that Farr's sentence is *not* otherwise contrary to law. *See Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, at ¶ 1.

{¶28} Therefore, Farr's second and third assignments of error are overruled.

**{¶29}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER, P.J. and HESS, J., concur.**

**/hls**

**\*\* Judge Michael D. Hess of the Fourth District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**