JOURNAL ENTRY OPINION
{¶ 1} Defendant-appellant Terry Anderson appeals from the sentence imposed by the trial court on his conviction for failing to comply with the order or signal of a police officer and receiving stolen property. For the reasons that follow, we affirm.
 {¶ 2} On July 8, 2003, defendant entered a plea of no contest to a felony of the third degree under R.C. 2921.331 and a felony of the fourth degree under R.C. 2913.51 as charged in the indictment. Thereafter, the court asked the State to present the facts, which were presented as follows:
 {¶ 3} "On February the 1st * * * the officers attempted to make a traffic stop of [defendant], who was in a 1984 Oldsmobile. At this time he had ran a red light on Buckeye and MLK.
 {¶ 4} "The officers traveled behind [defendant] in a 25 mile an hour zone * * *. The speeds went from 35 to 45. It was 2:30 in the afternoon. He ran several stop signs in a residential area. The weather was cold that day, and wet snow was on the ground, brick street [sic].
 {¶ 5} "In addition to that, the defendant drove around to a location in — the original location of the defendant when the officer activated his overhead sirens and lights was on Buckeye and MLK. The defendant gets to an address on East 115th and bails from the car. * * * the other officers retrieved him from the attic of that address.
 {¶ 6} "* * *
 {¶ 7} "In addition to that, * * * the column was freshly peeled, and the license plates — the car did not belong to the defendant, * * * the owner of the car * * *, [did] not giv[e] the defendant permission to use that car." (Tr. 64-65).
 {¶ 8} The court specifically found defendant guilty on counts one and two based upon the prosecutor's recitation of facts. The court imposed sentence and defendant appeals assigning the following sole assignment of error for our review:
 {¶ 9} "I. The trial court erred in failing to consider the statutory seriousness factors set forth in O.R.C. 2921.331 when a sentence was imposed for a violation of the offense of failure to comply with the order or signal of a police officer."
 {¶ 10} R.C. 2921.331(C)(5)(b) provides as follows:
 {¶ 11} "(b) If a police officer pursues an offender who is violating division (B) of this section and division (C)(5)(a) of this section applies, the sentencing court, in determining the seriousness of an offender's conduct for purposes of sentencing the offender for a violation of division (B) of this section, shall consider, along with the factors set forth in sections2929.12 and 2929.13 of the Revised Code that are required to be considered, all of the following:
 {¶ 12} "(i) The duration of the pursuit;
 {¶ 13} "(ii) The distance of the pursuit;
 {¶ 14} "(iii) The rate of speed at which the offender operated the motor vehicle during the pursuit;
 {¶ 15} "(iv) Whether the offender failed to stop for traffic lights or stop signs during the pursuit;
 {¶ 16} "(v) The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;
 {¶ 17} "(vi) Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;
 {¶ 18} "(vii) Whether the offender committed a moving violation during the pursuit;
 {¶ 19} "(viii) The number of moving violations the offender committed during the pursuit;
 {¶ 20} "(ix) Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense."
 {¶ 21} As set forth previously, defendant's conduct as recited by the State afforded the court the opportunity to assess the seriousness of defendant's conduct under the requisite factors. Defendant ran at least one red light and several stop signs while driving between 20 to 30 miles over the speed limit from Buckeye/MLK to E. 115th Street, a residential area, at 2:30 in the afternoon. In addition, the pursuit took place on wet brick roads covered with snow in cold weather. Under these facts, all but one factor, R.C. 2921.331(C)(5)(b) (iv), applies since the pursuit took place in the afternoon, which is not a time that would require vehicle operators to use their lights.
 {¶ 22} The court found defendant guilty of the charges based upon the facts presented by the State; therefore, the court necessarily considered those facts which fell within R.C.2921.331(C)(5)(b)(i)-(ix). The court is not required by statute or otherwise to state its consideration of those statutory factors on the record nor to make any specific finding in relation thereto. Based on the foregoing, we find that the record reflects that the trial court gave consideration to the factors set forth in R.C. 2921.331(C)(5)(b)(i)-(ix) and this assignment of error is overruled.
 {¶ 23} Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Karpinski, J., Concur.