JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Bryan Jones (appellant) appeals the court's accepting his guilty pleas for robbery, domestic violence, and failure to comply with an order of a police officer, and the court's imposing a seven-year prison sentence. After reviewing the facts of the case and pertinent law, we affirm appellant's convictions, vacate his sentence, and remand for resentencing.
 I {¶ 2} On May 16, 2006, appellant pled guilty to attempted robbery, domestic violence, and failing to comply with a police officer's order. The convictions stemmed from events occurring on January 24, 2006, when appellant took his ex-girlfriend's vehicle without her permission and led police on a high-speed chase through an active school zone before being apprehended. On February 20, 2007, the court sentenced appellant to an aggregate of seven years in prison.
 II {¶ 3} In his first assignment of error, appellant argues that "the trial court's plea colloquy was unconstitutionally inadequate and the plea must be vacated." Specifically, appellant argues that the court failed to advise him of his right to counsel and failed to correctly advise him about postrelease control.
 {¶ 4} The underlying purpose of Crim.R. 11(C) is for the court to give enough information to a defendant to allow him to make an intelligent, voluntary, and knowing decision of whether to plead guilty. SeeState v. Ballard (1981), *Page 4 66 Ohio St.2d 473. Courts have divided Crim.R. 11 rights into constitutional and non-constitutional rights. Concerning the constitutional rights, courts must strictly comply with Crim.R. 11 mandates; for the nonconstitutional rights, the standard is substantial compliance. State v. Stewart (1977),51 Ohio St.2d 86. Substantial compliance means that "if under the totality of the circumstances it is apparent the defendant subjectively understood the implications of his plea, the plea should not be vacated." State v. Scruggs, Cuyahoga App. No. 83863, 2004-Ohio-3732. However, Ohio courts have held that Crim.R. 11 does not require a court to advise a defendant of the right to retained or appointed counsel if the defendant already has counsel. State v. Gooch, 162 Ohio App.3d 105,2005-Ohio-3476; State v. Hitchcock, Cuyahoga App. No. 88896,2007-Ohio-5059.
 {¶ 5} In the instant case, appellant was represented by counsel at his plea hearing, counsel and the court had a short colloquy on the record, and when the court asked appellant if he was satisfied with his lawyer's representation, appellant answered that he was. Accordingly, we find that appellant's argument that the court violated Crim.R. 11 in failing to advise him of his right to counsel is without merit.
 {¶ 6} Appellant next argues that the court's failure to correctly advise him about postrelease control requires that his plea be vacated. Crim.R. 11(C)(2)(a) states that a trial judge shall inform the defendant about "* * * the nature of the charge and of the maximum penalty involved * * *" before accepting a guilty plea. A court must substantially comply with this portion of Crim.R. 11: "The test is whether the *Page 5 
plea would have otherwise been made." State v. Nero (1990),56 Ohio St.3d 106, 108 (citing State v. Stewart (1977), 51 Ohio St.2d 86, 93). See, also, R.C. 2943.032(E).
 {¶ 7} In the instant case, appellant cites as authority a string of cases in which the respective courts vacated a guilty plea for failure to advise the defendant that postrelease control was part of his or her sentence. See, e.g., State v. Mercadente, Cuyahoga App. No. 81246,2004-Ohio-3593; State v. Jones (May 24, 2001), Cuyahoga App. No. 77657. In these cases, the trial court failed to mention anything about postrelease control as part of the defendant's sentence.
 {¶ 8} The Ohio Supreme Court recently supported this line of holdings in State v. Sarkozy, Slip Opinion No. 2008-Ohio-509, which stressed the difference between failure to inform, and misinforming, a criminal defendant about postrelease control at a plea hearing. "The trial court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether postrelease control was mandatory or discretionary. Rather, the court failed to mention postrelease control at all during the plea colloquy. Because the trial court failed, before it accepted the guilty plea, to inform the defendant of the mandatory term of postrelease control, which was a part of the maximum penalty, the court did not meet the requirements of Crim.R. 11(C)(2)(a)." Id. at 22.
 {¶ 9} The instant case, however, is analogous to State v. Moviel, Cuyahoga App. No. 86244, 2006-Ohio-697 (reversed on other grounds), in which we held that *Page 6 
the court substantially complied with Crim.R. 11(C) despite incorrectly stating that the defendant would be subject to three years of postrelease control, rather than the mandatory five years applicable to his case. "Despite the trial court's misstatement, the record is clear that Moviel was aware that postrelease control would be part of his sentence." Id. at ¶ 23.
 {¶ 10} In the instant case, the court's misstatement is even more subtle: "Post-release control is something you shall be subject to if you are sent to prison. You shall be subject to three years of postrelease control. If you violate the postrelease control terms, you'll be ordered to serve an additional prison sentence of up to three more years." The court's misstatement was that if appellant violated his postrelease control, he would be ordered to serve up to five more years in prison (not three), as ten years was the maximum prison term to which he could be sentenced for pleading guilty to two third degree felonies.
 {¶ 11} Additionally, in State v. Evans, Cuyahoga App. Nos. 84966 and 86219, 2005-Ohio-5971, we noted the following:
 "It is only at the sentencing hearing that the court must inform a defendant of the maximum prison term that could be imposed for violation of postrelease control. Logic dictates that it is only at the time of the sentencing hearing that the trial court is aware of the sentence it will impose and only then can it adequately inform a defendant of the maximum prison term that could be imposed for violation of postrelease control, or one-half of the sentence imposed. Asking a trial court to inform a defendant of this information at the time of the plea is asking a court to do the *Page 7 impossible, accurately predict what sentence it would impose, and then calculate what one-half of that sentence would be."
 {¶ 12} Accordingly, we find no violations of Crim.R. 11, and appellant's first assignment of error is overruled.
 III {¶ 13} In his second assignment of error, appellant argues that "the sentence imposed must be vacated because the trial court incorrectly advised the defendant about the consequences of violating postrelease control." Specifically, appellant argues the court erred when it advised appellant at his sentencing hearing that a violation of his postrelease control would result in imprisonment for "either the remaining term of your postrelease control period * * * or one year, whichever is greater."
 {¶ 14} The term of imprisonment for postrelease control violations is "up to one half of the stated prison term originally imposed upon the offender." State v. Franks, Franklin App. No. 04AP-362, 2005-Ohio-462. Appellant was sentenced to seven years in prison with three years postrelease control. If he violates this postrelease control, he will face up to three and one-half years in prison. The state concedes, and we agree, that appellant's second assignment of error should be sustained, his sentence vacated, and the case remanded for the limited purpose of resentencing appellant to include properly advising him of the consequences of postrelease control violations. *Page 8 
 IV {¶ 15} In his third assignment of error, appellant argues that "the trial court erred when it sentenced Mr. Jones to four years of imprisonment on count three without giving sufficient consideration to the mandatory sentencing criteria set forth in R.C. 2921.331." Specifically, appellant argues that the court failed to mention the statutory criteria to be taken into consideration when sentencing an offender for violations of R.C. 2921.331 — failure to comply with order or signal of police officer.
 {¶ 16} Pursuant to R.C. 2921.331(C)(5)(b), when a defendant is sentenced for failure to comply with an order of a police officer, the court shall consider certain factors in determining the seriousness of the offender's conduct. These factors include:
"(i) The duration of the pursuit;
 (ii) The distance of the pursuit; (iii) The rate of speed at which theoffender operated the motor vehicle during the pursuit;
 (iv) Whether the offender failed to stop for traffic lights or stopsigns during the pursuit;
 (v) The number of traffic lights or stop signs for which the offenderfailed to stop during the pursuit;
 (vi) Whether the offender operated the motor vehicle during thepursuit without lighted lights during a time when lighted lights arerequired;
 (vii) Whether the offender committed a moving violation during thepursuit; *Page 9 
 (viii) The number of moving violations the offender committed duringthe pursuit;
 (ix) Any other relevant factors indicating that the offender's conductis more serious than conduct normally constituting the offense."
 {¶ 17} In the instant case, while the court never expressly mentioned these factors by name, it took the following things into consideration at the sentencing hearing: appellant took the vehicle from North Royalton; appellant was driving approximately 70 m.p.h. in a residential area of Strongsville, a neighboring suburb of North Royalton; appellant ran "several" stop signs; and police officers were driving approximately 90 m.p.h. in an active school zone while pursuing appellant.
 {¶ 18} In State v. Anderson, Cuyahoga App. No. 83285, 2004-Ohio-2858, we held that "[t]he court is not required by statute or otherwise to state its consideration of [the R.C. 2921.331(C)(5)(b)(i)-(ix)] statutory factors on the record nor to make any specific finding in relation thereto." In light of this, we find that the court in the instant case gave adequate consideration to the statutory criteria when sentencing appellant for failure to comply with a police order, and his third assignment of error is overruled.
 V {¶ 19} In his fourth and final assignment of error, appellant argues that he "was deprived of his liberty without due process of law when he was sentenced under a judicially altered, retroactively applied, and substantially disadvantageous statutory framework." Specifically, appellant argues that because his criminal conduct *Page 10 
predates State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, retroactively applying the Foster sentencing mandates to him is unconstitutional and violates the principles against ex post facto laws.
 {¶ 20} Without getting into the details of appellant's arguments, we note, and appellant concedes, that we have previously rejected this identical proposition in State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715. "Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced.Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding ofFoster does not violate Mallette's due process rights or the ex post facto principles contained therein." Id. at ¶ 47.
 {¶ 21} We follow our holding in Mallette and reject appellant's request to re-evaluate our position. Accordingly, appellant's final assignment of error is without merit.
 {¶ 22} Convictions affirmed, sentence vacated, and case remanded for re-sentencing.
It is ordered that appellee and appellant share the costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 11 
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and SEAN C. GALLAGHER, J., CONCUR. *Page 1