[Cite as *State v. Jordan*, 2011-Ohio-6015.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO.  6-11-05

    v.

JOHN LEONARD JORDAN, IV,          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. 20112069 CRI

**Judgment Affirmed**

**Date of Decision:   November 21, 2011**

APPEARANCES:

    *Nichole M. Winget*  for Appellant

    *Bradford W. Bailey and Maria Santo*  for Appellee

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, John L. Jordan, IV ("Jordan"), appeals the judgment of the Hardin County Court of Common Pleas, sentencing Jordan to three years and eighty-three days of incarceration after he pled guilty to failure to comply with an order or signal of a police officer and operating a vehicle while under the influence ("OVI"). On appeal, Jordan contends that his sentence did not meet the principles of the felony sentencing statutes and that the trial court failed to consider the statutory seriousness factors set forth in R.C. 2921.331. For the reasons set forth below, the judgment is affirmed.

{¶2} On May 6, 2011, the Hardin County Grand Jury indicted Jordan on the following three counts: (1) failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), (C)(5)(a)(ii), a felony of the third degree; (2) operating a motor vehicle while under the influence of alcohol * * * in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree; and (3) driving under suspension in violation of R.C. 4510.11(A),(C)(1)(a), a misdemeanor of the first degree.

{¶3} The charges stem from an incident occurring approximately 11:00 p.m. on April 6, 2011, when Sergeant Carroll ("Sgt. Carroll") of the Kenton Police Department observed an oncoming motor vehicle veer into his lane of travel. According to the statement of facts read at the change of plea hearing, Sgt. Carroll

had to pull to the right in order to avoid a collision with Jordan's vehicle. Sgt. Carroll then turned around in pursuit and activated his overhead lights. Jordan attempted to elude the police officer by turning right onto Barron Street, quickly turning left into an alley, and then turning left onto Maple Street. Jordan then turned onto East Columbus Street, after failing to stop for the stop sign, and then he turned onto Oriental Street, where he almost lost control by veering left and ended up on the left curb of the roadway, leaving skid marks. Jordan next turned left into an alley and right onto Superior Street, where he crashed into a parked car, pushing it forward into another parked car, completely totaling one car and seriously damaging the other. Jordan exited his vehicle and fled on foot between houses on Superior Street. (See June 27, 2011 Sent. Tr., pp. 5-9.)

{¶4} Sgt. Carroll gave chase and finally apprehended Jordan, who had a strong odor of alcohol about his person. Officers found two whiskey bottles on the front passenger floor of Jordan's vehicle along with a receipt for the purchase of a bottle of Jim Beam at 7:05 that evening. (Id.)

{¶5} Jordan originally pled not guilty to all of the counts. On June 27, 2011, the parties reached a negotiated plea agreement and the trial court held a change of plea hearing. The trial court conducted a full and detailed Crim.R. 11 plea colloquy before accepting Jordan's guilty pleas for the first two counts, with the State agreeing to dismiss the third count. The plea agreement did not include

any sentencing agreement. The trial court proceeded to sentence Jordan using a PSI that was already on file as a result of Jordan's current community control sanctions in two prior felony cases.

{¶6} At the sentencing hearing, Mr. Jordan's counsel requested that Jordan be allowed to attend the W.O.R.T.H. Center to receive treatment for his alcohol addiction in lieu of being sent to prison. Although Jordan has had some out-patient treatment in the past, Jordan's attorney claimed that he had not undergone any form of intensive treatment. The State, however, requested that Jordan be sentenced to three years and six months on the two counts. The State indicated that Jordan had an extensive record consisting of several theft offenses, arson, bad check charges, and a traffic record. Although his license had been suspended, he continued to drive and was not compliant with his community control obligations.

{¶7} The trial court sentenced Jordan to three years in prison on the failure to comply charge and eighty-three days in jail on the OVI charge (with credit for eighty-three days served). He was also ordered to pay restitution in the amount of $913.20, fines totaling $425, and costs. The trial court informed Jordan that his driver's license would be suspended for life, as this was the second time he had been convicted of a failure to comply offense, and he would be subject to three years of post-release control. The sentence was journalized on June 29, 2011.

{¶8} Jordan now appeals, raising the following two assignments of error for our review.

**First Assignment of Error**

**The trial court erred by sentencing [Jordan] to a three-year prison term that did not meet the principles of felony sentencing.**

**Second Assignment of Error**

**The trial court erred in failing to consider the statutory seriousness factors set forth in R.C. 2921.331 when imposing a sentence for the offense of failure to comply with the order or signal of a police officer.**

{¶9} In his first assignment of error, Jordan asserts that the dual purposes of felony sentencing were not met when the trial court sentenced him to prison rather than treatment for his addiction. He acknowledges that his prison sentence satisfies the "punishment" factor but he maintains that his incarceration does not protect the public from future crime. Jordan argues that "intense treatment for his addiction is the only way the public will be protected from future crimes that will result from this addiction." [Appellant's Brief, p. 3.]

{¶10} R.C. 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender." The statute further states:

**(A)  * * * To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.**

**(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders. * * ***

R.C. 2929.11.[1]

{¶11} Ever since the Ohio Supreme Court's ruling in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶37.  Courts, nevertheless, are still required to comply with the sentencing laws unaffected by *Foster*, such as R.C. 2929.11 and 2929.12, which require consideration of the purposes and principles of felony sentencing and the seriousness and recidivism factors. *Mathis* at ¶38.  However, a sentencing court

---

[1] This is the language of the statute that was in effect at the time Jordan committed the offense and was sentenced, prior to any modifications that occurred as a result of House Bill 86, effective September 30, 2011.

does not have to make any specific findings to demonstrate its consideration of those general guidance statutes. *Foster* at ¶42.

{¶12} In the journal entry of sentencing, the trial court did state that it had "considered the purposes and principles of sentencing in Revised Code Section 2929.11 * * * ." (J.E., p. 3) The trial court definitely inquired into the possibility as to whether a sentence other than prison might be appropriate:

> **Court:** **You were placed on supervision to this Court September 22, 2009, two separate cases. 'Conditions of supervision: continue drug and alcohol counseling.' Have you completed that?**
>
> **Jordan:** **Yes, your Honor.**
>
> **Court:** **'Not consume alcohol or drugs of abuse?' You couldn't follow through with that, right? 'Pay restitution, pay a fine and costs?' The last payment you made to the Clerk of courts was September of 2010. That's still being applied to your 1996 case. You haven't paid the first penny on these two pending charges. 'Obtain and maintain employment.' Did you do that?**
>
> **Jordan:** **No, your Honor.**
>
> **Court:** **Did you do your eighty hours of community service work?**
>
> **Jordan:** **No, your Honor.**
>
> **Court:** **Do you see my problem, Mr. Jordan, with placing you on further supervision?**
>
> **Jordan:** **Yes, I do.**

**Judge:** I'd have to agree with [the prosecutor] that having you on supervision doesn't mean a whole lot to you, does it?

**Jordan:** It does, but . . .

**Court:** You still do what you want to do, don't you?

**Jordan:** Yes.

**Court:** And you don't do what it is you're supposed to do, right?

**Jordan:** Right.

(Sentencing Tr., pp. 34-35.)

{¶13} The court had previously attempted to treat his problem when it granted him community control in his two prior felony cases, which included substance abuse treatment. (Id. at p. 34.) At the time of this offense, his driver's license was already under suspension for multiple matters (a child support suspension, a twelve point suspension, non-compliance suspension, a court suspension). (Id. at p. 8.) Jordan himself stated that he was grateful that no one was hurt, and he acknowledged that someone could have been seriously injured. (Id. at p. 33.) It is evident from the record that the trial court considered the statutory principles and purposes of sentencing, and that Jordan's incarceration was necessary in order to protect the public. Jordan has failed to demonstrate that the judgment is contrary to law. The first assignment of error is overruled.

{¶14} In the second assignment of error, Jordan complains that the trial court failed to indicate that it had "reviewed, considered, or followed" the factors set forth in R.C. 2921.331(C)(5)(b) to determine the seriousness of the offense. Jordan asserts that without this finding, the trial court erred when it ordered a sentence of three years in prison.

{¶15} R.C. 2921.331(C)(5)(b) outlines several factors that the sentencing court must consider prior to determining the sentence for the offense of failure to comply. *State v. Payne*, 3d Dist. No. 5-04-21, 20004-Ohio-6487, ¶27. These factors include:

> **(i)   The duration of the pursuit;**
>
> **(ii)   The distance of the pursuit;**
>
> **(iii)  The rate of speed at which the offender operated the motor vehicle during the pursuit;**
>
> **(iv)  Whether the offender failed to stop for traffic lights or stop signs during the pursuit;**
>
> **(v)   The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;**
>
> **(vi)  Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;**
>
> **(vii) Whether the offender committed a moving violation during the pursuit;**

**(viii) The number of moving violations the offender committed during the pursuit;**

**(ix) Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense.**

R.C. 2921.331(C)(5)(b).

**{¶16}** Jordan acknowledges that no specific findings need to be made on the record regarding the court's consideration of these factors. See, e.g., *State v. Jones*, 8th Dist. No. 89499, 2008-Ohio-802, ¶18; *State v. Anderson*, 8th Dist. No. 83285, 2004-Ohio-2858, ¶22 (holding "[t]he court is not required by statute or otherwise to state its consideration of statutory factors on the record nor to make any specific finding in relation thereto."). However, Jordan claims that his case is analogous to *State v. Oliver,* 7th Dist. No. 07-MA-169, 2008-Ohio-6371, where the Seventh District Court of Appeals found that the trial court erred when it sentenced the defendant without any indication that it considered the factors espoused in R.C. 2921.331(C)(5)(b). Id. at ¶32.

**{¶17}** However, we find that the facts in *Oliver* are completely distinguishable and that Jordan has misconstrued the holding. In *Oliver*, there were "no facts discussed at the sentencing hearing." *Oliver*, at ¶32. Thus, the Court of Appeals held that "*without any facts*" and without any other indication

that it considered the seriousness factors espoused in R.C. 2921.331(C)(5)(b), the trial court erred when it sentenced the defendant. (Emphasis added.) Id.

{¶18} The facts in this case are analogous to *State v. Anderson*, supra, where "the defendant's conduct as recited by the State afforded the court the opportunity to assess the seriousness of [the] defendant's conduct under the requisite factors." 2004-Ohio-2858, ¶21. In *Anderson*, "[t]he court found defendant guilty of the charges based upon the facts presented by the State; therefore, the court necessarily considered those facts which fell within R.C. 2921.331(C)(5)(b)(i)-(ix)." Id. at ¶22. See, also, *State v. Jones*, 2008-Ohio-802, at ¶1; *Oliver*, at ¶30.

{¶19} At Jordan's change of plea hearing, the State presented a factual statement that detailed Jordan's conduct that evening. This factual statement provided the trial court with sufficient information to determine the seriousness of Jordan's conduct pursuant to R.C. 2921.331(C)(5)(b). Jordan also admitted to the factual recitation prior to the trial court accepting his guilty plea and acknowledged that it was an accurate representation of his involvement in the events. (Tr., pp. 15-16) Furthermore, prior to the court imposing sentence, Jordan made the following statement.

> **As far as what happened that night, I watched the video and realized there's no point in wasting the Court's time in trying to fight anything because the only thing I can do is pray and thank**

> **God that nobody got hurt, because its obvious somebody could've very easily. I just, you know, wish I could take back that night and not have been drinking at all, but I can't. All I can do is apologize and hope that you can see it in your heart to be a little lenient on me.**

(Tr., pp. 33-34)

{¶20} It is clear from the record that the trial court considered all of the required statutory factors when imposing sentence. The trial court did not err when it imposed a three-year prison term for the offense. Jordan's second assignment of error is overruled.

{¶21} Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**