[Cite as *State v. Clanin*, 2024-Ohio-2445.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| BLAKE A. CLANIN | : | Case No. CT2024-0004 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. CR2021-0550

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        June 25, 2024

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOSEPH A. PALMER        CHRIS BRIGDON
27 North Fifth Street        8138 Somerset Road
Zanesville, OH  43702        Thornville, OH  43076

*King, J.*

{¶ 1}   Defendant-Appellant, Blake A. Clanin, appeals his November 22, 2023 sentence from the Court of Common Pleas of Muskingum County, Ohio.   Plaintiff-Appellee is the State of Ohio.  We affirm the trial court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On October 16, 2023, Clanin pled guilty to one count of failure to comply (with risk of harm), a felony of the third degree, in violation of R.C. 2921.331.  A sentencing hearing was held on November 20, 2023.  By entry filed November 22, 2023, the trial court sentenced Clanin to thirty-six months in prison.  The trial court ordered the sentence to be served consecutively to prison sentences out of Franklin and Fairfield Counties.

{¶ 3}   Clanin filed an appeal with the following assignments of error:

I

{¶ 4}   "SHOULD THIS COURT REVERSE THE TRIAL COURT'S DECISION TO IMPOSE A MAXIMUM SENTENCE ON THE SINGLE COUNT OF CONVICTION; BECAUSE, THE SENTENCE WAS IN CONTRAVENTION OF THE SENTENCING STATUTES R.C. §2929.11 AND R.C. §2929.12?"

II

{¶ 5}   "SHOULD THIS COURT REVERSE THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES BETWEEN DIFFERENT CASES, WHEN NO FINDINGS PURSUANT TO R.C. §2929.14(C)(4) WERE PRESENT?"

I, II

{¶ 6}   In his two assignments of error, Clanin claims the trial court erred in sentencing him to a maximum consecutive sentence.  We disagree.

{¶ 7}  This court reviews felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 2016-Ohio-1002, ¶ 22; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.).  Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8}  "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in

the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 9}   "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.'" *State v. Morris*, 2021-Ohio-2646, ¶ 90 (5th Dist.), quoting *State v. Dinka*, 2019-Ohio-4209, ¶ 36 (12th Dist.).

{¶ 10} There is no dispute that the sentence imposed herein is within the statutory range for a felony of the third degree.  R.C. 2929.14(A)(3)(b).

{¶ 11} In this case, the parties agreed to a joint recommended sentence of eighteen months.  The trial court reviewed Clanin's presentence investigation report and chose to sentence him to thirty-six months in prison.  Clanin argues the proportionality of his sentence was inconsistent with the principles and factors set forth in R.C. 2929.11 and 2929.12.

{¶ 12} R.C. 2929.11 governs the overriding purposes of felony sentencing and states the following in pertinent part:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing.  The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary

burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 13} R.C. 2929.12 governs factors to consider in felony sentencing and states the following in pertinent part:

(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and

the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶ 14} R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. Likewise, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). Therefore, although there is a mandatory duty to "consider" the relevant statutory factors under R.C. 2929.11 and 2929.12, the sentencing court is not required to engage in any factual findings under said statutes. *State v. Bement*, 2013-Ohio-5437, ¶ 17 (8th Dist.); *State v. Combs*, 2014-Ohio-497, ¶ 52 (8th Dist.). "The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Webb,* 2019-Ohio-4195, ¶ 19 (5th Dist.).

{¶ 15} As stated by the Supreme Court of Ohio, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 2020-Ohio-6729, ¶ 39. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for

that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at 42.

{¶ 16} The Supreme Court of Ohio recently clarified the *Jones* opinion as follows:

> The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was imposed based on impermissible considerations— i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones*, this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are " 'otherwise contrary to law.' " *Jones* at ¶ 32, quoting R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means " 'in violation of statute or legal regulations at a given time.' " *Id.* at ¶ 34, quoting *Black's Law Dictionary* 328 (6th Ed.1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

*State v. Bryant,* 2022-Ohio-1878, ¶22.

{¶ 17} Clanin cites the case of *State v. Hairston*, 2008-Ohio-2338, for the premise that his sentence was not proportional and "shocks the sense of community."  Appellant's Brief at 6-7.  Clanin also cites the Eighth Amendment to the United States Constitution prohibiting cruel and unusual punishment.  But Clanin's sentence is well within the statutory range, a fact he does not challenge.  "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle v. Maxwell,* 1 Ohio St.2d 68,69 (1964).  *Accord Hairston* at ¶ 21.

{¶ 18} Accordingly, Clanin's sentence is neither excessive nor shocking.

{¶ 19} The record demonstrates the trial court received and reviewed the presentence investigation report, and heard statements from the prosecutor, defense counsel, and Clanin himself.  The trial court reviewed Clanin's criminal history which included prior convictions in 2018, 2020, 2022, and 2023 (conspiracy to distribute cocaine, having a weapon while under disability, trespass into a habitation, and failure to appear on bond, respectively).  November 20, 2023 T. at 10.  When the trial court asked Clanin when was the last time he used illegal drugs, he stated, "[b]efore I got arrested in 2021." *Id.* at 8-9.  Reading from the presentence investigation report, the trial court noted during Clanin's 2023 arrest, he put Suboxone in his mouth in front of a police officer. *Id.* at 11-12.  Clanin agreed that was true and his prior averment of not using drugs since before his 2021 arrest was not accurate. *Id.* at 12-13.

{¶ 20} In its sentencing entry, the trial court indicated it considered "the principles and purposes of sentencing under Ohio Revised Code §R.C. 2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §R.C. 2929.12."  The trial

court noted Clanin "has had warrants issued, been to prison multiple times, used illegal drugs while in prison, absconded while on Judicial Release, and has shown a lack of truthfulness." The trial court sentenced Clanin to a term within the statutory range and ordered the sentence to be served consecutively to prison sentences out of Franklin and Fairfield Counties, which Clanin also disputes. But as clarified by the prosecutor during the sentencing hearing, the consecutive nature of the sentence was mandatory. November 20, 2023 T. at 15-16; R.C. 2929.14(C)(3) (a prison term imposed for a felony violation of R.C. 2921.331 shall be served consecutively to any other prison term previously or subsequently imposed upon the defendant).

{¶ 21} Clanin has not demonstrated that the trial court imposed the sentence "based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *Bryant,* 2022-Ohio-1878*.*

{¶ 22} Upon review, we find the trial court's sentence is not clearly and convincingly contrary to law. The trial court considered the R.C. 2929.11 and 2929.12 factors, imposed postrelease control, and sentenced Clanin within the statutory range.

{¶ 23} Assignments of Error I and II are denied.

{¶ 24} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By King, J.

Gwin, P.J. and

Hoffman, J. concur.