[Cite as *State v. Webb*, 2024-Ohio-4862.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

BRANDON H. WEBB,

    DEFENDANT-APPELLANT.

CASE NO. 14-23-38

O P I N I O N

Appeal from Union County Common Pleas Court
Trial Court No. 22-CR-0001

Judgment Affirmed

Date of Decision: October 7, 2024

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Andrew M. Bigler* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Brandon H. Webb ("Webb"), appeals the November 29, 2023 judgment entry of sentence of the Union County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On January 7, 2022, the Union County Grand Jury indicted Webb on Count One of the failure to comply with order or signal of a police officer in violation of R.C. 2921.331(B), (C)(5)(a)(ii), a third-degree felony, and Count Two of receiving stolen property in violation of R.C. 2913.51(A), (C), a fourth-degree felony. On January 12, 2022, Webb appeared for arraignment and entered pleas of not guilty to the charges.

{¶3} On April 27, 2022, Webb withdrew his pleas of not guilty and entered guilty pleas, under a negotiated plea agreement, to both counts in the indictment. The trial court accepted Webb's guilty pleas, found him guilty, and ordered a pre-sentence investigation.

{¶4} Following a delay to his sentencing, the trial court sentenced Webb on November 29, 2023 to 30 months in prison on Count One and to 17 months in prison on Count Two. (Doc. No. 51). The trial court ordered Webb to serve the prison terms consecutively for an aggregate sentence of 47 months in prison. The trial court also ordered Webb to serve his sentence imposed in this case consecutively to

his sentence imposed in a Franklin County case. Lastly, the trial court imposed a lifetime driver's license suspension.

{¶5} On December 6, 2023, Webb filed his notice of appeal. He raises one assignment of error for our review.

### Assignment of Error

**The Trial Court Erred As A Matter Of Law When It Failed To State On The Record The Factors That It Relied On Pursuant To Ohio Revised Code ¶ 2921.331(C)(b) Before Sentencing Mr. Webb.**

{¶6} In his sole assignment of error, Webb challenges the sentence imposed by the trial court. Specifically, Webb argues that the trial court should have imposed a community-control sanction instead of a prison sentence because the trial court failed to properly consider the factors under R.C. 2929.11, 2929.12, and 2921.331(C)(5)(b) prior to imposing a prison sentence. Webb further argues that the trial court's imposition of consecutive sentences is contrary to law.

### *Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a

firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶8}** We will begin by addressing Webb's argument that his sentence is contrary to law because the felony-sentencing guidelines under R.C. 2929.11, 2929.12, and 2921.331(C)(5)(b) weigh in favor of imposing a community-control sanction rather than a prison sentence. When imposing a sentence, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 2015-Ohio-4225, ¶ 10 (3d Dist.), quoting *State v. Noble*, 2014-Ohio-5485, ¶ 9 (3d Dist.). Here, as a third-degree felony, the failure to comply with order or signal of a police officer carries a non-mandatory, definite sanction of 9-months to 36-months imprisonment. R.C. 2921.331(C)(5)(a)(ii), 2929.13(C), and 2929.14(A)(3)(b). Further, as a fourth-degree felony, receiving stolen property, carries a non-mandatory, definite sanction of 6-months to 18-months imprisonment. R.C. 2913.51(C), 2929.14(A)(4).

**{¶9}** "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 2011-Ohio-2791, ¶ 15 (8th Dist.). Because the trial court sentenced Webb to 30 months in prison as to his failure-to-comply-with-order-or-signal-of-a-police-officer conviction and to 17 months in prison as to his

receiving-stolen-property conviction, the trial court's sentences as to those convictions fall within the statutory range.

{¶10} When imposing a sentence for a felony offense, trial courts must consider R.C. 2929.11 and 2929.12. R.C. 2929.11 provides, in its relevant part, that the

> overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B).

{¶11} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative

weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 2011-Ohio-5032, ¶ 18 (6th Dist.).

**{¶12}** "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32 (3d Dist.).

**{¶13}** Thus, when imposing a felony sentence, "it is '[t]he trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 2017-Ohio-9092, ¶ 15 (12th Dist.), quoting *State v. Steger*, 2016-Ohio-7908, ¶ 18 (12th Dist.). "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

**{¶14}** "Further, R.C. 2921.331(C)(5)(b) outlines several factors that the sentencing court must consider prior to determining the sentence for a violation of R.C. 2921.331(B) when the offender caused a substantial risk of serious physical harm to persons or property." *State v. Wingate*, 2020-Ohio-6796, ¶ 12 (3d Dist.). Those factors include:

(i) The duration of the pursuit;

(ii) The distance of the pursuit;

(iii) The rate of speed at which the offender operated the motor vehicle during the pursuit;

(iv) Whether the offender failed to stop for traffic lights or stop signs during the pursuit;

(v) The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;

(vi) Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;

(vii) Whether the offender committed a moving violation during the pursuit;

(viii) The number of moving violations the offender committed during the pursuit;

(ix) Any other relevant factors indicting that the offender's conduct is more serious than conduct normally constituting the offense.

R.C. 2921.331(C)(5)(b). "However, the trial court is not required to make specific findings on the record regarding its consideration of these factors." *Wingate* at ¶ 12.

{¶15} At Webb's sentencing hearing and in its sentencing entry, the trial court considered the principles and purposes of felony sentencing under R.C. 2929.11, the seriousness and recidivism factors under R.C. 2929.12, and the sentencing factors under R.C. 2921.331(C)(5)(b). (Nov. 29, 2023 Tr. at 10); (Doc. No. 51). Nevertheless, Webb contends that his sentence is contrary to law because the trial court did not discuss "any of the factors [under R.C. 2921.331(C)(5)(b)]

and the facts of the case that supported any of the factors." (Appellant's Brief at 5). Webb further argues that the record does not clearly and convincingly support the trial court's findings under R.C. 2929.11 or 2929.12 because he "presented compelling reasons for the court to place him on a community control sanction to a CBCF and drug court" as opposed to a prison sentence. (Appellant's Brief at 6). In other words, Webb disagrees with the trial court's application of the sentencing guidelines under R.C. 2929.11, 2929.12, and 2921.331(C)(5)(b) to the facts and circumstances of his case. *Compare State v. Reed*, 2021-Ohio-1623, ¶ 17 (3d Dist.) (resolving that "Reed simply disagrees with the trial court's application of these factors to the facts and circumstances of his case").

{¶16} The record in this case reveals that Webb's argument is without merit. Importantly, the Supreme Court of Ohio has directed Ohio's courts of appeal that R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence if "we 'clearly and convincingly find[ ] that "the record does not support the sentencing court's findings under" *certain specified statutory provisions*.'" (Emphasis added.) *State v. Smith*, 2022-Ohio-2565, ¶ 9 (1st Dist.), quoting *Jones*, 2020-Ohio-6729, at ¶ 28, quoting R.C. 2953.08(G)(2)(a). Importantly, R.C. 2921.331(C)(5)(b), "R.C. 2929.11[,] and R.C. 2929.12 are not among the statutes listed in the provision." *Jones* at ¶ 31. As a result, this court may not modify or vacate a felony sentence based on a finding by clear and convincing evidence that the record does not support the trial court's findings under

R.C. 2921.331(C)(5)(b), 2929.11, or 2929.12. *See Reed* at ¶ 19, citing *Jones* at ¶ 32-39. Consequently, "'when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11[, ]R.C. 2929.12[, and 2921.331(C)(5)(b),], we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law.'" *Id.*, quoting *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

{¶17} In this case, the trial court determined that the prison sentences that it imposed are consistent with the principles and purposes of felony sentencing set forth in R.C. 2929.11, the seriousness and recidivism factors under R.C. 2929.12, and the sentencing factors under R.C. 2921.331(C)(5)(b). Specifically, in assessing the seriousness of Webb's conduct, the trial court considered the factors under R.C. 2921.331(C)(5)(b). Even though Webb argues that the trial court did not discuss "what factors [it] considered and relied on when fashioning [his] sentence," "'[t]he [trial] court is not required by statute or otherwise to state its consideration of [the R.C. 2921.331(C)(5)(b)] statutory factors on the record nor make any specific finding in relation thereto.'" (Appellant's Brief at 5); *Wingate*, 2020-Ohio-6796, at ¶ 23 (3d Dist.), quoting *State v. Anderson*, 2004-Ohio-2858, ¶ 22 (8th Dist.).

{¶18} Importantly, "Ohio courts have held that where the trial court found the defendant guilty of the charge of failure to comply with the order or signal of a police officer, '"[t]he court found defendant guilty of the charges based upon the facts presented by the State; therefore, the court necessarily considered those facts

which fell within R.C. 2921.331(C)(5)(b)(i)-(ix)."'" *Id.*, quoting *State v. Jordan*, 2011-Ohio-6015, ¶ 18 (3d Dist.), quoting *Anderson* at ¶ 22. Here, the State provided an explanation of circumstances at Webb's change-of-plea hearing as well as a synopsis of Webb's conduct at Webb's sentencing hearing. Consequently, we conclude that the trial court properly considered the factors under R.C. 2921.331(C)(5)(b) when it imposed Webb's sentence. *Accord Jordan* at ¶ 18-20 (resolving that the trial court considered the required statutory factors under R.C. 2921.331(C)(5)(b) despite the trial court's failure to specifically reference the factors).

{¶19} Furthermore, after weighing the seriousness and recidivism factors, the trial court concluded that Webb was likely to commit future crimes because he has a history of criminal convictions. *See* R.C. 2929.12(D)(2), (3). The trial court also weighed against Webb the evidence that he had "significant charges pending against him in Franklin County." (Doc. No. 51). Likewise, the trial court noted that Webb's Ohio Risk Assessment System score was a "31," which indicates that he has a "high" risk of reoffending. (Nov. 29, 2023 Tr. at 10).

{¶20} Therefore, based on our review of the record, even though Webb would have weighed the considerations under R.C. 2929.11, 2929.12, and 2921.331(C)(5)(b) differently, we conclude that the trial court did not abuse its discretion by imposing a prison sentence instead of a community-control sanction. *See State v. West*, 2022-Ohio-4069, ¶ 21 (3d Dist.). Therefore, because Webb's

sentence is within the sentencing range and the trial court properly considered R.C. 2929.11, 2929.12, and 2921.331(C)(5)(b), Webb's sentence is not contrary to law. *See Reed*, 2021-Ohio-1623, at ¶ 20 (3d Dist.).

**{¶21}** Lastly, Webb argues that the trial "court's combined sentence of forty-seven months in prison, which has to be served consecutive to any other sentence he is serving, creates a sentence that is not supported by the record." (Appellant's Brief at 7). To the extent that Webb is challenging the trial court's order that he serve his prison sentences consecutively, we conclude such to be specious. Decisively, consecutive sentences are mandatory in this case under R.C. 2929.14(C)(3) since Webb was convicted of a felony violation of R.C. 2921.331. *See State v. Clanin*, 2024-Ohio-2445, ¶ 20 (5th Dist.). Therefore, Webb's consecutive sentences are not contrary to law.

**{¶22}** Webb's assignment of error is overruled.

**{¶23}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and WALDICK, J., concur.**

**/hls**