[Cite as *State v. Hayes*, 2025-Ohio-5391.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>AUSTIN HAYES<br><br>    Defendant – Appellant | Case No. CT2025-0057<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0189<br><br>Judgment:   Affirmed and Remanded<br><br>Date of Judgment Entry: December 2, 2025 |

**BEFORE:**   WILLIAM B. HOFFMAN, P.J., KEVIN W. POPHAM, J.; DAVID M. GORMLEY, J.  Appellate Judges

**APPEARANCES:** RON WELCH, BY: JOSEPH A. PALMER, for Plaintiff-Appellee; CHRIS BRIGDON, For Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}    Defendant-Appellant Austin Hayes ("Hayes") appeals from the imposition of consecutive sentences following his guilty pleas in the Muskingum County Court of Common Pleas. For the reasons set forth below, we affirm but remand solely for a corrected sentencing entry.

**FACTS AND PROCEDURAL HISTORY**

{¶2}    On October 24, 2024, a Muskingum County Grand Jury indicted Hayes in Case No. CR2024-0696 on two counts of Gross Sexual Imposition, felonies of the third degree, in violation of R.C. 2907.05. Subsequently, on March 5, 2025, Hayes was indicted

in Case No. CR2025-0189 on eighty-three counts of Violating a Protection Order, felonies of the fifth degree in violation of R.C. 2919.27(A)(1)/(B)(3)(a), and five counts of Complicity in the Commission of an Offense, felonies of the fifth degree in violation of R.C. 2923.03(A)(2)/(F).

{¶3} On April 2, 2025, pursuant to a Crim.R. 11(C) and (F) negotiated plea agreement, Hayes entered guilty pleas to two counts of Gross Sexual Imposition in Case No. CR2024-0696 and eight counts of Violating a Protection Order in Case No. CR2025-0189. In exchange, the State agreed to dismiss the remaining seventy-eight counts in Case No. CR2025-0189. Sentencing was deferred pending completion of a presentence investigation report ("PSI").

{¶4} On May 23, 2025, the trial court conducted a sentencing hearing, during which the court reviewed the PSI, heard statements from the prosecutor, defense counsel, and Hayes, and considered a letter from the victim of the protection order violation, who indicated she did not believe a prison term was appropriate. *Sent. T. at 8-9.*

{¶5} The trial court imposed concurrent 36-month terms on each count of Gross Sexual Imposition in Case No. CR2024-0696, for an aggregate prison sentence of 36 months. In Case No. CR2025-0189, the court imposed consecutive six-month terms on each of the eight counts of Violating a Protection Order, for an aggregate prison term of 48 months. The sentences in the two cases were ordered to be served consecutively, resulting in a total prison term of 84 months. *Sent. T. at 14-15.*

{¶6} In support of consecutive sentencing, the trial court expressly found that consecutive terms were necessary to protect the public and punish Hayes, were not disproportionate to the seriousness of his conduct or the danger he posed, that at least

two offenses were committed as part of one or more courses of conduct, and that Hayes' criminal history demonstrated the need for consecutive sentences. *Sent. T. at 15*. The court further imposed Tier II sex-offender registration duties. *Id*. *at 8.*

### *ASSIGNMENT OF ERROR*

{¶7} "I. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES BETWEEN CASES CR2025-0189 AND CR2024-0696 AND CONSECUTIVE SENTENCES ON ALL COUNTS WITHIN CR2025-0189, IN CONTRAVENTION OF STATUTE."

### STANDARD OF REVIEW

{¶8} Pursuant to R.C. 2953.08(F), when reviewing felony sentences an appellate court reviews the entire record, including oral and written statements and the PSI. See *State v. Jones*, 2020-Ohio-6729, ¶ 36; *State v. Howell*, 2015-Ohio-4049, ¶ 31 (5th Dist.). A reviewing court may modify or vacate a sentence only if it clearly and convincingly finds that (1) the record does not support the trial court's findings under the relevant statutory provisions, or (2) the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *State v. Bonnell*, 2014-Ohio-3177, ¶ 28. A sentence is "contrary to law" if it violates a statute. *Jones* at ¶ 34.

{¶9} An appellate court may not modify a sentence merely because it disagrees with the trial court's weighing of factors under R.C. 2929.11 and 2929.12. *Id.* at ¶ 39. However, where a sentence is based on considerations extraneous to those statutes, it is contrary to law and reviewable. *State v. Bryant*, 2022-Ohio-1878, ¶ 22.

## PURPOSES AND PRINCIPLES OF FELONY SENTENCING — R.C. 2929.11

{¶10} R.C. 2929.11(A) directs that felony sentences be reasonably calculated to achieve the dual purposes of protecting the public from future crime and punishing the offender, using the minimum sanctions necessary to accomplish those ends. R.C. 2929.11(B) further requires that the sentence be commensurate with and not demeaning to the seriousness of the offender's conduct and consistent with sentences for similar crimes by similar offenders.

## SERIOUSNESS AND RECIDIVISM FACTORS — R.C. 2929.12

{¶11} Under R.C. 2929.12, the court must consider factors bearing on the seriousness of the offense and the likelihood of recidivism. Although a trial court must "consider" these factors, it need not make specific factual findings or recite the statutory language, so long as the record demonstrates consideration. *Jones*, ¶ 20; *State v. Webb*, 2019-Ohio-4195, ¶ 19 (5th Dist.); *State v. Clanin*, 2024-Ohio-2445, ¶ 14 (5th Dist.).

{¶12} Where the record is silent, a presumption arises that the trial court considered the factors under R.C. 2929.11 and R.C. 2929.12. *State v. Hannah*, 2015-Ohio-4438, ¶ 13 (5th Dist.); *State v. Blosser*, 2024-Ohio-173, ¶¶ 16-17 (5th Dist.).

{¶13} Here, the sentencing transcript and judgment entry reflect that the trial court expressly considered R.C. 2929.11 and R.C. 2929.12, as well as the PSI, arguments of counsel, and Hayes's own statement. *Sent. T. at 15; Docket Entry No. 18.* The court found that the sentence was necessary to protect the public, punish the offender, deter future crime, and proportionately reflect the seriousness of Hayes's conduct. *Id.*

{¶14} Hayes's offenses - daily violations of a protection order over a period of months – to be sure, reflect a sustained pattern of disregard for judicial authority and victim

safety. He also has prior convictions for violating a protection order (2022), convictions for falsification, escape, cruelty to animals and two convictions for domestic violence by threat. *Sent. T. at 12-13.* The trial court's assessment of a heightened recidivism risk was therefore supported by the record.

## CONSECUTIVE SENTENCES

{¶15} Although multiple prison terms are presumed concurrent under R.C. 2929.41(A), a trial court may impose consecutive terms if it makes the findings set forth in R.C. 2929.14(C)(4). Those findings must be made at the sentencing hearing and incorporated into the judgment entry. *Bonnell*, ¶¶ 26, 29, 37.

{¶16} At the sentencing hearing, the trial court expressly found that consecutive service was necessary to protect the public and punish the offender, was not disproportionate to the seriousness of Hayes' conduct or the danger he posed, and that (1) at least two of the offenses were committed as part of one or more courses of conduct producing harm so great or unusual that no single term adequately reflected their seriousness, and (2) Hayes' criminal history demonstrated that consecutive terms were necessary to protect the public. *Sent. T. at 15.*

{¶17} These findings are fully supported by the record. The PSI revealed prior convictions for domestic violence, falsification, escape, and cruelty to animals, as well as a prior conviction for violating a court order. *Sent. T. at 12-13.* The trial court also noted that Hayes' substance abuse and repeated failures in treatment contributed to his criminal conduct. *Id. at 13.*

**{¶18}** Accordingly, the record establishes a sufficient evidentiary basis for the trial court's findings under R.C. 2929.14(C)(4). The sentence was within the statutory ranges, and there is no indication that it was based on impermissible considerations.

### The Sentencing Entry

**{¶19}** However, while the trial court made the requisite findings at the sentencing hearing, the June 3, 2025 Judgment Entry does not incorporate those findings as required by *Bonnell at ¶¶ 34, 37.*[1] This omission renders the entry incomplete, though not contrary to law, as it may be corrected by a *nunc pro tunc* entry reflecting what transpired in open court. *Bonnell*, *¶ 30.*

### CONCLUSION

**{¶20}** Hayes' sole assignment of error is overruled. The judgment of the Muskingum County Court of Common Pleas is affirmed in all respects, except that this matter is remanded solely for the trial court to issue a *nunc pro tunc* VOPO*, sentencing entry incorporating the findings required by R.C. 2929.14(C)(4) into the judgment entry, consistent with *State v. Bonnell*, 2014-Ohio-3177.

**{¶21}** This limited remand does not affect Hayes's convictions or the substantive terms of his sentence, but merely corrects the judgment entry to conform to what occurred in open court at the sentencing hearing.

---

[1] See June 3, 2025, Judgment Entry, Case No. CR2025-0189, sentencing Hayes on multiple counts of Violating a Protection Order ("VOPO")

For the reasons stated in our Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed and remanded. Costs to Appellant, Austin Hayes.